IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SCOTT D. LAWSON and        )
STEVEN LAWSON,             )
                           )
    Plaintiffs,            )
                           )    CIVIL ACTION NO.
    v.                     )     2:07cv356-MHT
                           )
SWIFT TRANSPORTATION and   )
FREDRICK S. MARTIN, JR.,   )
                           )
    Defendants.            )
```

ORDER

The allegations of the plaintiffs' complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiffs' complaint fails to meet this standard. The complaint gives the "residence" rather than the "citizenship" of plaintiffs Scott D. Lawson and Steven Lawson and defendant Fredrick S. Martin, Jr. An

allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995 (1971).

The complaint is insufficient because it does not indicate what type of entity defendant Swift Transportation is and what its citizenship is. If the entity is a corporation, then the complaint must allege the citizenship of both the State of incorporation <u>and</u> where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(2); <u>American Motorist Insur. Co. v. American Employers' Insur. Co.</u>, 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam). If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990). If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members. <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987). And if

the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiffs have until May 25, 2007, to amend the complaint to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed with prejudice.

DONE, this the 15th day of May, 2007.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**