# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SCOTT D. LAWSON and STEVEN LAWSON, | § § § | |
| PLAINTIFFS, | § § | |
| VS | § § | CV 2:07cv356-MHT |
| SWIFT TRANSPORTATION CORPORATION, INC. and FREDRICK S. MARTIN, JR., | § § § § § | JURY DEMAND |
| DEFENDANTS. | § | |

## SECOND AMENDED COMPLAINT

## STATEMENT OF THE PARTIES

1. The Plaintiff, Scott D. Lawson, is a resident citizen of Covington County, Alabama, and is over the legal age of nineteen (19) years.

2. The Plaintiff, Steven Lawson, is a resident citizen of Covington County, Alabama, and is over the legal age of nineteen (19) years.

3. The Defendant, Fredrick S. Martin, Jr., is a resident citizen of Tennessee and is over the legal age of nineteen (19) years.

4. The Defendant, Swift Transportation Corporation, Inc., (hereinafter referred to as "Swift Transportation") is a foreign corporation with its state of incorporation, corporate headquarters and principal place of business in

Arizona. Swift Transportation Corporation, Inc. does business in Covington County, Alabama.

## STATEMENT OF THE CASE

5.  On or about March 15, 2007, Plaintiff Scott Lawson and Plaintiff Steven Lawson were traveling eastbound on Highway 84 in Covington County, Alabama.

6.  A tractor-trailer driven by Defendant Fredrick S. Martin, Jr. collided with the vehicle driven by Plaintiff Scott D. Lawson and occupied by Plaintiff Steven Lawson. As a result of the impact, Plaintiffs were caused to suffer.

## JURISDICTIONAL BASIS

7.  This court has jurisdiction over this matter based upon 28 U.S.C. § 1332, in that Defendants are liable to Plaintiff in an amount in an amount in excess of Seventy Five Thousand ($75,000), exclusive of interest and cost.

8.  Venue is proper in this court because the Plaintiffs are resident citizens in this District (28 U.S.C. §1391(b)(1)). Venue is proper in this district, also pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## COUNT I

### (NEGLIGENCE/WANTONNESS)

9.    Plaintiffs hereby incorporate all the preceding allegations as if specifically set forth herein.

10.   On or about March 15, 2007, Defendant Fredrick S. Martin, Jr. was an agent, servant and/or employee of Defendant Swift Transportation.

11.   On or about March 15, 2007, Defendant Fredrick S. Martin, Jr. was acting within the line and scope of his authority for Defendant Swift Transportation.

12.   On or about March 15, 2007, Defendant Fredrick S. Martin, Jr. negligently and wantonly allowed the tractor trailer owned by Defendant Swift Transportation to collide with the vehicle driven by Plaintiff Scott D. Lawson and occupied by Plaintiff Steven Lawson.

13.   On or about March 15, 2007, Defendant Fredrick S. Martin, Jr. negligently and wantonly operated the tractor trailer.

14.   As a direct and proximate result of Defendant Fredrick S. Martin, Jr.'s negligent and wanton conduct, Plaintiffs were caused to suffer.

15. At the aforesaid time and place, Defendant Martin was an agent, servant and/or employee of the Defendant, Swift Transportation, and was acting within the line and scope of his agency, service and/or employment for the Defendant Swift Transportation, so that Defendant Swift Transportation is vicariously liable for the said negligence and wantonness of Defendant Fredrick S. Martin, Jr.

16. At the time of the subject incident, Defendant Swift Transportation derived a benefit from Defendant Fredrick S. Martin, Jr.

**WHEREFORE, THESE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants, jointly and severally, for punitive damages, in an amount to be determined by a struck jury.

## COUNT II

### (NEGLIGENT/WANTON HIRING, TRAINING, RETENTION, AND SUPERVISION)

17. Plaintiffs hereby incorporate all the preceding allegations as if specifically set forth herein.

18. Defendant Swift Transportation negligently and wantonly employed, hired, supervised, monitored, trained, investigated, and/or retained as an agent, servant or employee, the Defendant, Fredrick S. Martin, Jr.

19.     As a direct and proximate result of Defendant Swift Transportation's negligent and wanton hiring, training, retaining, and supervising Defendant Fredrick S. Martin, Jr., Plaintiffs were caused to suffer.

**WHEREFORE, THESE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants, jointly and severally, for punitive damages, in an amount to be determined by a struck jury.

### COUNT III

### (NEGLIGENT/WANTON ENTRUSTMENT)

20.     Plaintiff hereby incorporates all the preceding allegations as if specifically set forth herein.

21.     On and about the 15th day of March, 2007, Defendant Swift Transportation was the owner and/or had custody and/or control of the vehicle being operated by the Defendant, Fredrick S. Martin, Jr., when the collision made the subject of this case occurred.  The Defendant, Swift Transportation negligently and wantonly entrusted the said vehicle to the Defendant, Fredrick S. Martin, Jr.  Further, plaintiffs aver that the Defendant, Fredrick S. Martin, Jr., was, at the time the vehicle was entrusted to him, incompetent to operate the vehicle.

22.     Defendant Swift Transportation knew or by the exercise of reasonable care, should have known that the Defendant, Fredrick S. Martin, Jr., was incompetent to operate a vehicle.

23.     The Defendant's negligent and wanton entrustment combined and concurred with the wantonness of Fredrick S. Martin, Jr., and as a proximate result of the same, Plaintiffs were caused to suffer.

**WHEREFORE, THESE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants, jointly and severally, for punitive damages, in an amount to be determined by a struck jury.

### COUNT IV

**(COMBINED AND CONCURRING NEGLIGENCE AND WANTONNESS)**

24.     Plaintiffs hereby incorporate all the preceding allegations as if specifically set forth herein.

25.     As a direct and proximate result of Defendants' combined and concurring negligence and/or wantonness, the Plaintiffs were caused to suffer.

**WHEREFORE, THESE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants, jointly and severally, for punitive damages, in an amount to be determined by a struck jury.

## **JURY DEMAND**

Plaintiffs demand a jury on all factual issues contained in this complaint.

                            Respectfully submitted,

                            <u>s/R. Matt Glover (ASB-7828-A43G)</u>
                            **Prince Glover Law**
                            1 Cypress Point
                            701 Rice Mine Road North
                            Tuscaloosa, Alabama 35406
                            (205) 345-1234
                            (205) 752-6313 facsimile
                            mglover@princelaw.net


                            <u>s/Stacy Bryan Brooks(ASB-9087-C66B)</u>
                            **Jones & Jones, P.C.**
                            530 East Three Notch Street
                            Andalusia, Alabama 36420
                            (334) 222-3161
                            (334) 222-3163 facsimile
                            joneslaw@andycable.com


## **DEFENDANTS' ADDRESS TO BE SERVED VIA CERTIFIED MAIL, RETURN-RECEIPT REQUESTED**:

| | |
|---|---|
| Fredrick S. Martin, Jr. | James F. Mahoney |
| 533 East 20th Street | Swift Transportation |
| Cookeville, Tennessee 38501 | 2200 South 75th Avenue |
| | Phoenix, Arizona 85043 |