IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTT D. LAWSON and STEVEN LAWSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.:  2:07cv356-MHT ) |
| SWIFT TRANSPORTATION and FREDRICK S. MARTIN, JR., | ) ) ) |
| Defendants. | ) |

## ANSWER

COME NOW the Defendants, **Fredrick S. Martin, Jr.**, and **Swift Transportation Co., Inc.**, and for Answer to the Plaintiffs' Second Amended Complaint separately and severally set down and assign the following defenses:

### PARTIES

1.     Upon information and belief, the Defendants admit the averments contained in paragraph 1 of the Plaintiffs' Second Amended Complaint.

2.     Upon information and belief, the Defendants admit the averments contained in paragraph 2 of the Plaintiffs' Second Amended Complaint.

3. The Defendants admit the averments contained in paragraph 3 of the Plaintiffs' Second Amended Complaint.

4. The Defendants admit the averments contained in paragraph 4 of the Plaintiffs' Second Amended Complaint.

## ALLEGED FACTS

5. Upon information and belief, the Defendants admit the averments contained in paragraph 5 of the Plaintiffs' Second Amended Complaint.

6. The Defendants deny the allegations contained in paragraph 6 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

7. The Defendants admit this Court's diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. However, the Defendants expressly deny that they are liable to the Plaintiffs for any and all alleged damages.

8. Venue of this action in this Court is admitted.

## COUNT I

9. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

10. The Defendants admit the averments contained in paragraph 10 of the Plaintiffs' Second Amended Complaint.

11. The Defendants admit the averments contained in paragraph 11 of the Plaintiffs' Second Amended Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

13. The Defendants deny the allegations contained in paragraph 13 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

14. The Defendants deny the allegations contained in paragraph 14 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

15. The Defendants admit that Fredrick S. Martin, Jr., acted in the line and scope of his employment with Swift Transportation Co., Inc., at the time of the subject accident. The Defendants deny the remaining allegations contained in paragraph 15 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

16. The Defendants admit the averments contained in paragraph 16 of the Plaintiffs' Second Amended Complaint.

The Defendants deny that the Plaintiffs are entitled to the relief requested in this un-numbered paragraph and demand strict proof thereof.

## COUNT II

17. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

19. The Defendants deny the allegations contained in paragraph 19 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

The Defendants deny that the Plaintiffs are entitled to the relief requested in this un-numbered paragraph and demand strict proof thereof.

## COUNT III

20. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

21. The Defendants deny the allegations contained in paragraph 21 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

22. The Defendants deny the allegations contained in paragraph 22 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

23. The Defendants deny the allegations contained in paragraph 23 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

The Defendants deny that the Plaintiffs are entitled to the relief requested in this un-numbered paragraph and demand strict proof thereof.

## COUNT IV

24. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

25. The Defendants deny the allegations contained in paragraph 25 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

The Defendants deny that the Plaintiffs are entitled to the relief requested in this un-numbered paragraph and demand strict proof thereof.

## FIRST DEFENSE

The Defendants plead the general issue and say that they are not liable for the matters with which they are charged in the Second Amended Complaint and demand strict proof thereof.

## SECOND DEFENSE

The Second Amended Complaint fails to state a claim against one or more Defendants upon which relief can be granted.

## THIRD DEFENSE

The Defendants plead assumption of the risk.

## FOURTH DEFENSE

The Defendants deny that they are guilty of negligence and/or wantonness as alleged in the Second Amended Complaint and demand strict proof thereof.

## FIFTH DEFENSE

The Defendants aver that there is no causal connection or relationship between any alleged negligence and/or wantonness on the part of these Defendants and the alleged injuries or damages contained in the Second Amended Complaint.

## SIXTH DEFENSE

The Defendants plead the applicable statute of limitations and/or statute of repose.

## SEVENTH DEFENSE

The Defendants plead estoppel.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of spoliation and by Plaintiffs' failure to preserve evidence in this matter.

## NINTH DEFENSE

The Defendants aver that the Plaintiffs' claims are barred by the intervening or superseding negligence of others over whom these Defendants had no control.

**TENTH DEFENSE**

The Defendants plead the last clear chance rule.

**ELEVENTH DEFENSE**

The Defendants plead contributory negligence.

**TWELFTH DEFENSE**

The Defendants plead waiver.

**THIRTEENTH DEFENSE**

The Defendants aver that some or all of the Plaintiffs' claims are barred or due to be reduced because the Plaintiffs failed to mitigate their damages.

**FOURTEENTH DEFENSE**

The Defendants plead insufficient process and/or insufficient service of process.

**FIFTEENTH DEFENSE**

The Defendants assert that some or all of the Plaintiffs' claims are barred due to the principals of res judicata.

**SIXTEENTH DEFENSE**

The Defendants assert that the Plaintiffs' Second Amended Complaint is due to be dismissed for failure to join a necessary and indispensable party.

## SEVENTEENTH DEFENSE

The Defendants claim as a set off any monies received by or paid on behalf of Plaintiffs for the acts or injuries alleged in Plaintiffs' Second Amended Complaint, including insurance proceeds or settlements of any kind.

## EIGHTEENTH DEFENSE

The Defendants aver that some or all of the Plaintiffs' claims are barred by the doctrines of laches.

## NINETEENTH DEFENSE

Plaintiffs' Second Amended Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TWENTIETH DEFENSE

Plaintiffs' Second Amended Complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. Same also violates Defendants' rights to due process as provided in the Fifth and Fourteenth

Amendments of the United States Constitution and as provided in the Constitution of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### TWENTY-SECOND DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTY-THIRD DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and not rationally related to legitimate government concern or interest.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards afforded to criminal defendants.

## TWENTY-FIFTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-SIXTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose against Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-SEVENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose against Defendants punitive damages, which are

penal in nature, by requiring a burden of proof by Plaintiffs, which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-EIGHTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment of the United States Constitution in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY-NINTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### THIRTIETH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights to order, liberty, and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and

federal constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based upon the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective, and specific standard for appellate review for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause Amendments V and XIV of the United States Constitution and deprives Defendants of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for

similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

### THIRTY-SECOND DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

### THIRTY-THIRD DEFENSE

The Plaintiffs' claim for punitive damages is barred because any award of punitive damages against the defendant will constitute a violation of the Commerce Clause of Article I, section 9 of the United States Constitution.

### THIRTY-FOURTH DEFENSE

The Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the cases of BMW of North America v. Gore, 517 U.S. 559 (1996) or Phillip Morris USA v. Williams, 549 U.S.    , 2007 WL 505781 (Feb. 20, 2007).

### RESERVATION OF DEFENSES

The Defendants reserve the right to amend their Answer to include any other matter that might constitute an avoidance or affirmative defense.

s/ Lea Richmond, IV<br>
Lea Richmond, IV (ASB-8479-l74r)<br>
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

     I hereby certify that on the 29th day of May, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

R. Matt Glover, Esq.
**PRINCE GLOVER LAW**
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406

Stacy Bryan Brooks, Esq.
**JONES & JONES, P.C.**
530 East Three Notch Street
Andalusia, Alabama 36520

s/ Lea Richmond, IV<br>
Of Counsel