**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| SCOTT D. LAWSON and<br>STEVEN LAWSON,<br><br>      Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION<br>CO., INC., and<br>FREDRICK S. MARTIN, JR.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.:   2:07cv356-MHT<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR PROTECTIVE ORDER**
**REGARDING RELEASE OF MEDICAL RECORDS**

COME NOW the Defendants, **Swift Transportation Co., Inc.**, and **Fredricks Martin, Jr.**, and move this Court for a Protective Order authorizing the disclosure of protected health information pertaining to the Plaintiffs, Scott Lawson and Steven Lawson. As grounds for this motion, the Defendants state as follows:

1. This is an action for the alleged injuries to Scott Lawson and Steven Lawson. The Plaintiffs allege that an accident involving the Defendants proximately caused their injuries and damages.

2. Because of the nature of this litigation, the Defendants need access to the Plaintiffs' medical records to evaluate whether the subject accident was the proximate

cause of the Plaintiffs' injuries.

3. Counsel for the Plaintiffs does not oppose this motion, **but does object to the portion of the proposed HIPAA Order that permits the Defendants to meet and confer privately with the Plaintiffs' healthcare providers.**

4. Pursuant to the implementation of the Health Insurance Privacy and Accountability Act ("HIPPA"), health care providers may require the assurance of a protective order limiting disclosure of medical information pertaining to the plaintiffs before responding to a subpoena or other directive to produce medical records or bills. A proposed protective order is submitted herewith.

5. The parties have agreed to the proposed HIPAA order regarding medical records, however, **Plaintiffs' counsel objects to the portion of the proposed order that grants the parties permission to meet privately with medical providers.** Defendants' counsel asserts that the parties should have permission to meet and interview healthcare providers, if necessary. If the proposed protective order allows the release of the Plaintiffs' medical records, then the information protected by HIPAA had already been disseminated. There is no reason to restrict the healthcare provider from clarifying or explaining the information that has already been released.

WHEREFORE, premises considered, the Defendants respectfully request that the Court enter a Protective Order governing the dissemination of protected health information of the Plaintiffs, and allowing the Defendants to private meet or confer

with the Plaintiffs' healthcare providers.

        /s/ Lea Richmond, IV
        Lea Richmond, IV
        **ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**
**CARR, ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006 *telephone*

### CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of October, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Matt Glover
PRINCE GLOVER LAW
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406

Stacey Bryan Brooks
JONES & JONES, P.C.
530 East Third Notch Street
Andalusia, Alabama 36420

        /s/ Lea Richmond, IV
        Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTT D. LAWSON and STEVEN LAWSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SWIFT TRANSPORTATION and FREDRICK S. MARTIN, JR., | ) ) ) |
| Defendants. | ) |

Case No.:  2:07cv356-MHT

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of the court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), and any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

-1-

This order authorizes the third-party to produce medical records and hospital records relative to the medical care and treatment of the plaintiffs, together with the right to appear for an interview (in person or otherwise) with the parties to this litigation. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C. F. R. § 164.152(e)(1)(I).

The parties are expressly prohibiting from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, 2007.

_____        _____
                                 UNITED STATES DISTRICT COURT
                                 JUDGE